# Exhibit A



**COMPREHENSIVE CASE INFORMATION SYSTEM**

Harvey Ruvin, Clerk of the Circuit and County Courts

**MIAMI-DADE COUNTY**

*"We are agents of change and advocates of innovation. We apply appropriate strategic, technological, process and people"*

CCIS

cportaluser

Expand All

| Case Number | Filed Date | Disposition Date | County | Case Type | Status | Contested | Jury Trial |
|---|---|---|---|---|---|---|---|
| 132021SC017377000026 [2021-017377-SP-26] | 06/02/2021 | | MIAMI-DADE | Small Claims (Up to $5000) | Open | No | No |

| Party Name | Party Type | Attorney | Bar ID |
|---|---|---|---|
| GONZALEZ-PAULSON, MICHAELLE | JUDGE | | |
| Turner, Mark A | PLAINTIFF | | |
| Quicken Loans | DEFENDANT | | |

**Dockets**

Page : 1    ALL

| Image | Doc # | Action Date | Description | Pages |
|---|---|---|---|---|
| | 8 | 07/10/2021 | Amended Complaint | 8 |
| | 7 | 07/07/2021 | Motion for Extension of Time | 2 |
| | 6 | 07/07/2021 | Notice of Appearance | 2 |
| | 5 | 06/17/2021 | Notice of Service of Last Defendant | 3 |
| | 4 | 06/03/2021 | Receipt:<br>  Receipt#:2390007          Amt Paid:$185.00<br>Comment:<br>Allocation Code    Quantity    Unit    Amount<br>2100-County Filing Fee   1    $185.00        $185.00<br>Tender Type:Check          Tender Amt:$185.00<br>Receipt Date:06/03/2021<br>Register#:239          Cashier:Marthav | |
| | 3 | 06/02/2021 | Pre Trial Summons<br><br>Party: Quicken Loans | 2 |
| | 2 | 06/02/2021 | Statement of Claim<br><br>Amount: 2500.00 | 19 |
| | 1 | 06/02/2021 | Filed at South Dade | |

**Judge Assignment History**

**Court Events**

**Financial Summary**

**Reopen History**

**COMPLAINT; BREACH OF FIDUCIARY BREACH OF CONTRACT FRAUDULENT CREDIT REPORTING, TELEPHONE HARASSMENT AND EXPLOITATION OF ELDERLY**

### FACTS COMMON TO ALL

**QUICKEN LOANS ACTED FRAUDULENTLY AND BREACHED ITS CONTRACTUAL RE-AMORTIZATION OBLIGATION**

The Plaintiff Mark A Turner 1411 Se 26Th Ave Homestead Florida 33035 MORTGAGE LOAN NUMBER- 3465809661, the Quicken Loans mortgage company and customer service, subjected the plaintiff to an egregious and negative customer experience

in March 4, 2021, the plaintiff signed a modification of a mortgage payment, or re-cast with Quicken Loans an AGREEMENT FOR MODIFICATION, RE-AMORTIZATION, OF MORTGAGE. In February 2021 the plaintiff sent a lump sum payment to Quicken Loans in the of $26,750 to lower his mortgage payment of $724.71 to an adjusted $231.45 per month.

**THE NEW RE-AMORTIZATION CONTRACTUAL LANGUAGE IS SPECIFIC AND NOT VAGUE OR AMBIGUOUS**

On March 4, 2021, the plaintiff signed, executed and uploaded to the Quicken Loans website the mutually agreed re-amortization binding contractual legal agreement defining the terms and conditions of the payment modifications, diverse from the original "payment amount" and scheduled "due date" agreement, the specific modifications to the contract was processed and executed on March 4, 2021, The new contractual language stipulated that the plaintiffs new payment agreement was lowered to $231.45, diverse from the original $724.71 stipulated in the initial agreement, likewise the new contractual agreement stipulated that these scheduled payments were to begin on a due date of May 1st, 2021.

On or about April 29, 2021 to the plaintiffs surprise the Quicken loans stated that the plaintiff was delinquent and obligated to pay for April 2021 payment under the old contractual language, however this specific language was not stipulated in the re-amortization contractual language, this was fraudulent, by legal terms and definition the old contractual language is not legally binding or enforceable, the plaintiff agreed to the new re-payment amount and new scheduled due date contractual agreement and the old contractual re-payment amount and

1

due date became in effective and voided, the Quicken Loans Agent threatened to damage my credit history with a derogatory report, the plaintiff retorted that he was referring this matter to his GM Law lawyers, Quicken loans is culpable for this irresponsible and unprofessional debacle, it is egregious to offensive to a preferred customer, this was the plaintiffs second mortgage with Quicken Loans the first was paid off in 2018 for the amount of $40,000, the plaintiff has never been late with a single payment on either loan.

## THE MARCH 4TH DATE THE RE-AMORTIZATION WAS PROCESSED AND AGREED UPON IS A CRITICAL POINT OF EMPHASIS

A critical point of emphasis was the date the customer Mark A Turner entered into a new contractual agreement with Quicken loans as of March 4, 2021 approximately 30 days (before and not after) and prior to Quicken loans allegation that the subsequent April 1st payment became past due, and because the modified contractual obligation and Instrument and Re-amortization was processed on March the 4th 2021, (before and not after) the customer Mark A Turner had every legitimate reason to believe that he was to forego and not obligated to submit the April payment in lieu of and predicated on the specific contractual language that stipulated that he his first and next payment was scheduled and due on May 1st 2021 and not April 1st 2021 as the Quicken loan customer service alleges.

Therefore the old or previous contractual re-payment was null and void in lieu of the fact that the plaintiff submitted a $26,750 lump some payment and the new and mutually agreed contract consequentially supersede, voided the previous repayment and scheduled repayment plan created in December of 2020, therefore old contractual language is not enforceable because the new contract was executed on March, 4, 2021 prior to the April 2021, the Quicken Loans alleges the plaintiff is obligated to submit payment See Exhibits attached (A) RE-AMORTIZATION, (B) LATE BILLING Also Mr. Turner has resumed his regularly scheduled monthly installments of $231.71 as of May 1st, 2021

**TERMS AND CONDITIONS FOR THE SCHEDULED RE-PAYMENT AMOUNT AND DATE WERE LEGALLY DEFINED AND CONCISE**

The contractual instrument for re-amortization was drafted by Quicken loans and the legal terms and conditions of the Re-amortization payment and scheduled due date were construed by Quicken loans, for a due date of May 1st 2021, the language was transparent, concise with no ambiguity or defect, if Quicken loans had the legitimate right to obligate the customer Mark a Turner to also pay the April 1st payment, it is imperative that this specific language be written and inclusive in the revised re-payment and schedule due date" Re-amortization contractual instrument, Quicken loans failed to include this specific clause or legal language in the re-amortization agreement, therefore Mr, Turner was not liable to make a subsequent payment of  $724.71 as the Quicken loans customer service falsely allege

### COUNT I
### BREACH OF FIDUCIARY

(1) Breach of Fiduciary, the claimants funds were misappropriated, the loan mishandled and received undue negative remarks on credit history, Quicken Loans did not act professionally and exhibit a standard of care in good faith, reasonable, prudently or efficiently

### COUNT II
### BREACH OF CONTRACT

(2) Breach of Contract, a **breach of contract** occurs when one party in a written binding agreement fails to deliver according to the terms of the agreement. Quicken Loans is in violation of he Fair Debt Collection Practices Act (FDCPA)

### COUNT III
### ILLEGAL AND FRAUDULENT CREDIT REPORTING

(3) False Credit Reporting, Quicken Loans imputed in-accurate and false derogatory and credit information on my credit report and history causing irreparable damage and financial losses, Quicken Loans is in violation of he Fair Debt Collection Practices Act (FDCPA)

3

## COUNT IV
## TELEPHONE HARASSMENT

(4) Telephone Harassment, Quicken Loans account resolution telephoned contacted Mr. Turner twice daily for approximately two weeks.

The Fair Debt Collection Practices Act (FDCPA) states  that Debt Collectors can't harass, oppress, or abuse you or anyone else they contact. The Consumer Federal Protection Bureau (CFPB) (855-411-2372).

The State Attorney General, (TCCPA ) Telephone Consumer Protection Act is a Federal Offense punishable by imprisonment, The (FTC) or Federal Trade Commission , In the State of Florida (FCCPA) Federal Consumer Collection Practice Act )

## COUNT V
## CHAPTER 825 ABUSE, NEGLECT, AND EXPLOITATION OF ELDERLY PERSONS AND DISABLED ADULTS

The Plaintiff is a 63 year old senior citizen on a fixed income, of Social Security

**825.103  Exploitation of an elderly person or disabled adult; penalties.—**

**(1)  "Exploitation of an elderly person** or disabled adult" means:

(a)  Knowingly obtaining or using, or endeavoring to obtain or use, an elderly person's or disabled adult's funds, assets, or property with the intent to temporarily or permanently deprive the elderly person or disabled adult of the use, benefit, or possession of the funds, assets, or property, or to benefit someone other than the elderly person or disabled adult, by a person who:

**1.  Stands in a position of trust and confidence with the elderly person or disabled adult;**

**2.  Has a business relationship with the elderly person or disabled adult;**

(b)  Obtaining or using, endeavoring to obtain or use, or conspiring with another to obtain or use an elderly person's or disabled adult's funds, assets, or property with the intent to temporarily or permanently deprive the elderly person or disabled adult of the use, benefit, or possession of the funds, assets, or property, or to benefit someone other than the elderly

4

person or disabled adult, by a person who knows or reasonably should know that the elderly person or disabled adult lacks the capacity to consent;

**(c)** **Breach of a fiduciary duty** to an elderly person or disabled adult by the person's guardian, trustee who is an individual, or agent under a power of attorney which results in an unauthorized appropriation, sale, or transfer of property. An unauthorized appropriation under this paragraph occurs when the elderly person or disabled adult does not receive the reasonably equivalent financial value in goods or services, or when the fiduciary violates any of these duties:

1. For agents appointed under chapter 709:

a. Committing fraud in obtaining their appointments;

b. Abusing their powers;

c. Wasting, embezzling, or intentionally mismanaging the assets of the principal or beneficiary; or

d. Acting contrary to the principal's sole benefit or best interest; or

2. For guardians and trustees who are individuals and who are appointed under chapter 736 or chapter 744:

a. Committing fraud in obtaining their appointments;

b. Abusing their powers; or

c. Wasting, embezzling, or intentionally mismanaging the assets of the ward or beneficiary of the trust;

**(d)** **Misappropriating, misusing, or transferring without authorization money belonging to an elderly person** or disabled adult from an account in which the elderly person or disabled adult placed the funds, owned the funds, and was the sole contributor or payee of the funds before the misappropriation, misuse, or unauthorized transfer. This paragraph only applies to the following types of accounts:

5

## CONCLUSION

The Plaintiff Mark A Turner DEMANDS QUICKEN LOANS to CEASE AND DESIST and reimburse Mr. Turner any and all lost monies and repair and adjust his credit report and delinquent mortgage account, delete all negative and derogatory credit reports,

The Plaintiff mutually agreed and signed a re-amortization mortgage loan re-payment obligation, the new payment amount was $231.45 the new payment date was established and for continuation on May 1st, 2021, the complainant has already submitted the May 1st payment in-compliance with the modified contractual agreement.

Quicken loans coerced the mortgagee Mark Anthony Turner to pay a monthly installment for the month of April in the amount of $724 in accordance with the previous and obsolete contractual agreement that is null, void and not applicable to the re-amortization agreement, further the obligation for the mortgagee to pay the subsequent April 1st payment was not drafted, construed or included in the contractual language or context of the re-amortization mutually agreed upon by both parties

Quicken Loans Mortgage company is culpable of subjecting the plaintiff Mark A Turner to financial damages and damages predicated on fraudulent credit reporting regarding mortgage loan number 346580966, for Breach of a written contract, Breach of Fiduciary, and financial losses from derogatory and inaccurate credit reporting that were imputed on the claimants credit report and egregious and illicit "telephone creditor harassment"

The Plaintiff is a 63 year old senior citizen on a fixed income, Quicken Loans is culpable of the federal **Elder** Justice Act, enacted in 2010, **defines** financial **exploitation of the elderly** as, "the fraudulent or otherwise illegal, unauthorized, or improper act... that uses the resources of an **elder** for monetary or personal benefit, profit, or gain, or that results in depriving an **elder** the rightful access to, or use of, benefits, resources, belongings, or assets

THEREFORE; The claimant hereby submits a financial demand of $2,500 in compensatory, punitive damages and treble damages, attorneys fees, court cost and another relief the court deems necessary

## CERTIFICATE OF SERVICE

The Plaintiff Mark a Turner certifies that a true and accurate copy of this civil demand

for monetary damages, was served upon the defendant company

QUICKEN LOANS MORTGAGE CORPORATION , to Registered Agent at addresses;

CT CORPORATION SYSTEM1200 SOUTH PINE ISLAND ROAD
PLANTATION, FL 33324.

And

1050 Woodward Avenue Detroit Michigan 48226

on June 4, 2021

PLAINTIFF
MARK A TURNER
1411 Se 26Th Ave.
Homestead Florida 33035
Ph. 330-501-0352
Email markanthony37@sbcglobal.net

8





# AGREEMENT FOR MODIFICATION, RE-AMORTIZATION, OR EXTENSION OF A MORTGAGE

This Agreement for Modification, Re-amortization, or Extension of a Mortgage ("Agreement"), made this **4th** day of **March, 2021**, between **Mark Anthony Turner** ("Borrower") and Quicken Loans ("Lender"), amends and supplements (1) the Mortgage, Deed of Trust, or Security Deed **20210010610#** dated **January 07, 2021** and recorded in Book or Liber **32275**, at page(s) **4067**, of the **Official Records, Mia Dade County, FL**. (2) The Note, bearing the same date as, and secured by, the Security Instrument, and (3) prior extensions or modifications of the Note and Security Instrument, if any. The Note and Security Instrument, together with any prior extensions or modifications thereof, are referred to in this Agreement as the "Mortgage," and the Mortgage covers the real and personal property described in the Security Instrument and defined therein as the "Property", located at **1411 Se 26th Ave Homestead, FL 33035**
(Property Address)

In consideration of the mutual promises and agreements exchanged, the parties hereto agree as follows (notwithstanding anything to the contrary contained in the Mortgage):

1.  Under the terms of the Mortgage, there remains unpaid as of the first day of the month in which this Agreement is made, the sum of U.S. **$50,514.16** of principal, **$32,261.82** of interest thereon, $0 of advances made by the Lender thereunder, and U.S. $0 of interest on such advances, aggregating a total sum of U.S. **$82,775.98** for which amount the Borrower is indebted to the Lender under the Mortgage.

2.  Lender has accepted or will hereby accept from the Borrower the sum of U.S. **$26,750.00**, which is to be applied to the unpaid principal balance (including advances, if any), and the sum of U.S. $0, which is to be applied to the delinquent interest due on the principal balance (including advances, if any), each of which amounts shall be applied as of the date of this Agreement.

3.  After application of the amounts provided by Borrower as described in paragraph 2, Borrower promises to pay to Lender U.S. **$50,514.16** ("Unpaid Principal Balance") plus interest on the Unpaid Principal Balance at the yearly rate of **3.62500%** from **May 01,2021**. The interest rate Borrower will pay may change in accordance with the terms of the Mortgage. The amount of the Borrower's monthly payment of principal and interest is U.S. **$231.45**, which amount shall be paid to Lender beginning on the 1st day of **May 2021**. The amount of Borrower's monthly payment may change in accordance with the terms of the Mortgage. Borrower will continue to make monthly payments on the same day of each succeeding month until principal and interest are paid in full. If on **January 1, 2051** ("Maturity Date"), Borrower still owes amounts under the Mortgage as amended by this Agreement, Borrower will pay these amounts in full on the Maturity Date.

4.  If all or any part of the Property or any interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by the Mortgage.

    If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which Borrower must pay all sums secured by the Mortgage. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by the Mortgage without further notice or demand on Borrower.

5.  Borrower also will comply with all other covenants, agreements, and requirements of the Mortgage, including without limitation, Borrower's covenants and agreements to make all payments of taxes, insurance premiums, assessments, escrow items, impounds, and all other payments that Borrower is obligated to make under the Mortgage.

6.  Borrower understands and agrees that:

    (a)    All the rights and remedies, stipulations, and conditions contained in the Mortgage relating to default in the making of payments under the Mortgage shall also apply to default in the making of the modified payments hereunder.

    (b)    All covenants, agreements, stipulations, and conditions in the Mortgage, shall be and remain in full force and effect, except as herein modified, and none of the Borrower's obligations or liabilities under the Mortgage shall be diminished or released by any provisions hereof, nor shall this Agreement in any way impair, diminish, or affect any of Lender's rights under or remedies on the Mortgage, whether such rights or remedies arise thereunder or by operation of law. Also, all rights of recourse to which Lender is presently entitled against any property or any other persons in any way obligated for, or liable on, the Mortgage are expressly reserved by Lender.

    (c)    Nothing in this Agreement shall be understood or construed to be a satisfaction or release in whole or in part of the Mortgage.

    (d)    Borrower agrees to make and execute such other documents or papers as may be necessary or required to effectuate the terms and conditions of this Agreement which, if approved and accepted by Lender, shall bind and inure to the heirs, executors, administrators, and assigns of Borrower.

| | |
|---|---|
| _____Quicken Loans_____ | _____ |
| -Lender | -Borrower |
| | Mark Anthony Turner |
| By: _____ | _____ |
| | -Borrower |
| _____ | _____ (Date) |
| Date of Lender's Signature | |

5. Borrower also will comply with all other covenants, agreements, and requirements of the Mortgage, including without limitation, Borrower's covenants and agreements to make all payments of taxes, insurance premiums, assessments, escrow items, impounds, and all other payments that Borrower is obligated to make under the Mortgage.

6. Borrower understands and agrees that:

(a) All the rights and remedies, stipulations, and conditions contained in the Mortgage relating to default in the making of payments under the Mortgage shall also apply to default in the making of the modified payments hereunder.

(b) All covenants, agreements, stipulations, and conditions in the Mortgage, shall be and remain in full force and effect, except as herein modified, and none of the Borrower's obligations or liabilities under the Mortgage shall be diminished or released by any provisions hereof, nor shall this Agreement in any way impair, diminish, or affect any of Lender's rights under or remedies on the Mortgage, whether such rights or remedies arise thereunder or by operation of law. Also, all rights of recourse to which Lender is presently entitled against any property or any other persons in any way obligated for, or liable on, the Mortgage are expressly reserved by Lender.

(c) Nothing in this Agreement shall be understood or construed to be a satisfaction or release in whole or in part of the Mortgage.

(d) Borrower agrees to make and execute such other documents or papers as may be necessary or required to effectuate the terms and conditions of this Agreement which, if approved and accepted by Lender, shall bind and inure to the heirs, executors, administrators, and assigns of Borrower.

| | |
|---|---|
| Quicken Loans | -Borrower |
| -Lender | Mark Anthony Turner |
| By: | -Borrower |
| | 3/4/2021 (Date) |
| Date of Lender's Signature | |

**From:** **Savel, Robert** RobertSavel@quickenloans.com 
**Subject:** Recast Complete
**Date:** March 8, 2021 at 9:30 AM
**To:** markanthony37@sbcglobal.net

Congratulations,

Your request to recast your loan has been completed. We received your fully executed recast form, and we have adjusted your new payment.

New principal and interest payment: $231.45
New payment effective date: 05/01/2021

A copy of your Recast Documentation will be provided upon request. If you have any questions or concerns, do not forget that we are here to help. You can contact us at (800) 508-0944, option 3, Monday - Friday 8:30 AM - 9:00 PM ET, and Saturday, 9:00 AM - 4:00 PM ET. You can also reach us by email at Help@quickenloans.com





**Robert Savel**
Special Loans Specialist
Direct: (313) 373-9263
Fax: (855) 455-7978

love.protect.amaze.

A referral is the best compliment!
Refer your friends and family now.

EXHIBIT 8

## UAW-FCA-FORD-GENERAL MOTORS LEGAL SERVICES PLAN
### 2454 N. McMullen Booth Road, Bldg. B-Ste. 402, Clearwater, FL 33759
#### Phone: (727) 669-5319   Fax: (727) 316-5979

**Robert Burrell**
*Managing Attorney*

May 4, 2021

**VIA E-MAIL:** AccountResolution@QuickenLoans.com
**AND REGULAR U.S. MAIL**

Quicken Loans
1050 Woodward Ave.
Detroit, MI 48226

      RE:     Mark A. Turner
              Loan Number: 3465809661
              Property Address: 1411 SE 26th Ave., Homestead, FL 33035

Dear Quicken Loans:

     The UAW FCA-Ford-General Motors Legal Services Plan represents Mr. Mark Turner in connection with his above-referenced loan.  Enclosed, please find an Authorization executed by Mr. Turner.

     Mr. Tuner recently received a Late Notice stating that he did not make his mortgage payment due on April 1, 2021.  Mr. Turner did NOT have a payment due on April 1, 2021 pursuant to the "Agreement for Modification, Re-Amortization, or Extension of the Mortgage" ("Agreement") with an effective date of March 4, 2021.

     The terms of the Agreement specifically state that the payments on the loan, as modified by the Agreement, begin on May 1, 2021.  The Agreement makes no mention of a payment due on April 1, 2021.  Any payments due under the mortgage have been merged into the Agreement and are due in accordance with the terms of the Agreement.

     Please remove any late fees and negative information sent to the credit bureaus and provide me with written confirmation that the loan is current with the payment of $231.45 made by Mr. Turner on or about May 1, 2021 in accordance with the terms of the Agreement.

                             Sincerely,

                             Robert Burrell
                             Attorney at Law

Enclosure
cc: Mark A. Turner

**From:** **Robert Burrell** robertbu@uawlsp.com
**Subject:** UAW Legal Services Plan Case No. 2021-567-00986
**Date:** May 3, 2021 at 2:33 PM
**To:** Mark Turner markanthony37@sbcglobal.net

Mr. Turner,

Please sign and date the attached Authorization in front of a notary and return it to me. I will then contact Quicken Loans.

Thank you,

Robert Burrell
UAW FCA-Ford-General Motors Legal Services Plan

## AUTHORIZATION

I, MARK ANTHONY TURNER, authorize QUICKEN LOANS to communicate with and release all information of any kind, pertaining to Loan Number 3465809661 and the Agreement for Modification, Re-Amortization, or Extension of the Mortgage Agreement dated March 4, 2021, to ROBERT M. BURRELL, ESQ., UAW FCA-FORD-GENERAL MOTORS LEGAL SERVICES PLAN, 2454 MCMULLEN BOOTH ROAD, BLDG. B – SUITE 402, CLEARWATER, FLORIDA 33759; 727-669-5319 ext. 5673.

Dated: MAY 3, 2021

_____
Mark Anthony Turner

STATE OF FLORIDA
COUNTY OF MIAMI DADE

I HEREBY CERTIFY that on this day, before me, an officer duly authorized to administer oaths and take acknowledgments, personally appeared by means of ( ) physical presence or ( ) online notarization MARK ANTHONY TURNER, known to me to be the person described in and who executed the foregoing instrument and acknowledged before me that he executed the same. WITNESS my hand and official seal in the County and State last aforesaid this ___3___ day of ___MAY___, 2021.

_____
Notary Public, State of Florida

JASON CHRISTENSEN
MY COMMISSION # GG 188811
EXPIRES: February 22, 2022




**From:** **Mark Turner** markanthony37@sbcglobal.net
**Subject:** Fwd: Mark A Turner Quicken loans damaged my credit / default my loan / misappropriated May 1st payment
**Date:** May 13, 2021 at 12:19 PM
**To:** Robert Burrell robertbu@uawlsp.com

Also They became aggressive and damaged my credit as a fact of retaliation , expressed by the mean spirited customer service representative in the account resolution team , she continually harassed and threatened me, my credit report was over 800, now it is down to 693

credit karma    Overview ⌄    Recommendations ●    Accounts    Cards    Loans ⌄    Auto    Home    Financial Relief    Resources ⌄    Tax    Money ⌄                                                    Profile & Se

← **Back to score details**

Based on Transunion data

### Credit changes                                    Current score **693**

#### May 11                                           No score change

We found **no changes** to your Transunion credit report.

**Expecting a change that you don't see?** Transunion may not have updated your report yet.

Help us improve your experience
**Was this information helpful?**

| 👍 Yes | 👎 No |
|--------|------|

#### May 6                                            ↓ **82 pts**
                                                      to 693

We found **4 changes** to your Transunion credit report.

**See changes** ⌄

#### Apr 29                                           ↑ **2 pts**
                                                      to 775

We found **3 changes** to your Transunion credit report.

**See changes** ⌄

Apr 25                                               ↑ **5 pts**



Apr 25
to
773

We found **1 change** to your Transunion credit report.

See changes

**Apr 19**
No score change

We found **1 change** to your Transunion credit report.

See changes

**Apr 9**
↑ **1 pt**
to 768

We found **1 change** to your Transunion credit report.

See changes

**Apr 5**
↓ **2 pts**
to 767

We found **9 changes** to your Transunion credit report.

See changes

**Mar 7**
No score change

We found **no changes** to your Transunion credit report.

**Mar 4**
↑ **3 pts**
to 769

We found **3 changes** to your Transunion credit report.

See changes

**Feb 27**
↑ **68 pts**
to 766

We found **9 changes** to your Transunion credit report.

See changes

What is harassment by a debt collector? Consumer Financial Protection Bureau

Case 1:21-cv-22539-DPG   Document 1-3   Entered on FLSD Docket 07/16/2021   Page 19 of 36

9/24/20 10:00 AM


**cfpb** Consumer Financial
Protection Bureau (cfpb.gov)

■ Submit a Complaint (cfpb.gov/complaint/)

Ver página en español (cfpb.gov/es/
obtener-respuestas/en-que-consiste-el-
acoso-de-un-cobrador-336/)

LAST REVIEWED: JAN 17, 2017

# What is harassment by a debt collector?

Harassment by a debt collector can come in different forms but
examples include repetitive phone calls intended to annoy or
abuse, obscene language, and threats of violence.

## No harassment

The Fair Debt Collection Practices Act
(FDCPA) says debt collectors (cfpb.gov/ask-cfpb/who-
are-debt-350/) can't harass, oppress, or abuse you
or anyone else they contact.

### Tip

Keep good records of all of your
communications with a debt
collector.

Some examples of harassment are:

- Repetitious phone calls that are intended
  to annoy, abuse, or harass you or any person answering the phone

- Obscene or profane language

- Threats of violence or harm

- Publishing lists of people who refuse to pay their debts (this does not include
  reporting information to a credit reporting company)

- Calling you without telling you who they are

You can also sue the debt collector for violations of the FDCPA.  If you sue
under the FDCPA and win, the debt collector must generally pay your
attorney's fees and may also have to pay you damages.

## No misrepresentations

The FDCPA also says debt collectors can't use false, deceptive, or misleading
practices.  This includes misrepresentations about the debt, including:

- The amount owed

- That the person is an attorney if they are not

- False threats to have you arrested

- Threats to do things that cannot legally be done

- Threats to do things that the debt collector has no intention of doing

It is a good idea to keep a file of all letters or documents a debt collector sends

## About us

We're the Consumer Financial
Protection Bureau (CFPB), a U.S.
government agency that makes sure
banks, lenders, and other financial
companies treat you fairly.

Learn how the CFPB can help you (cf
pb.gov/about-us/the-bureau/)

## Legal disclaimer

The content on this page provides
general consumer information. It is
not legal advice or regulatory
guidance. The CFPB updates this
information periodically. This
information may include links or
references to third-party resources or
content. We do not endorse the
third-party or guarantee the accuracy
of this third-party information. There
may be other resources that also
serve your needs.

IN THE COUNTY COURT IN AND FOR MIAMI-DADE COUNTY, FLORIDA.

| DIVISION | STATEMENT OF CLAIM | CASE NUMBER |
|---|---|---|
| ☑ CIVIL<br>☐ DISTRICTS<br>☐ OTHER | (File in Duplicate Plus One For Each Defendant) | SECTION NO. |

| PLAINTIFF | VS.   DEFENDANT(S) | CLOCK IN |
|---|---|---|
| MARK A TURNER<br>1411 SE 26TH AVE<br>HOMESTEAD FL<br>33035 | QUICKEN LOANS<br>1050 WOODWARD AVE<br>DETROIT MICHIGAN<br>48226 | |

| The Plaintiff sues the Defendant for money owed Plaintiff by Defendant; and which is past due and unpaid; for (As marked (x) below): | Address:<br>QUICKEN LOANS<br>1050 WOODWARD AVE DETROIT<br>48226 | Phone Number:<br>DETROIT<br>MICHIGAN |
|---|---|---|

☐ Good, wares and merchandise sold by plaintiff, to defendant;
☐ Work done and materials furnished by plaintiff, to defendant;
☐ Money lent by plaintiff to the defendant which is due and payable;
☑ Money due to plaintiff upon accounts stated and agreed to between them;
☐ On a written instrument, copy of which is attached hereto;
☐ Rent for certain premises in Miami-Dade County, Florida, VIZ;
☐ Other (Explain)
☐ Any additional facts in connection with any of the above:

**(USE ADDITIONAL SHEET IF NECESSARY)**

SEE COMPLAINT ATTACHED

Where Plaintiff demands judgment in the sum of $ 2,500 together with court costs and any further costs which the Court may assess.

The Plaintiff, MARK A TURNER says the foregoing is a just and true statement of the amount owed by defendant to plaintiff, exclusive of all lawful setoffs, and that defendant has no lawful defenses which would preclude the collection of said amount.

Affiant states that the defendant(s) is/are not in the military service of the United States.

| Attorney/Plaintiff<br>PRO-SE MARK A TURNER | Signature | Attorney's Bar No. |
|---|---|---|
| Address of Attorney/Plaintiff<br>1411 SE 26TH AVE HOMESTEAD FL, 33035 | | Telephone No. |

Email Address: MARKANTHONY37@SBCGLOBAL.NET

The foregoing instrument was acknowledged before me this 25 day of MAY, 2021 by Mark Anthony Turner who is personally known to me or who has produced 9-7 D.License as identification and did ☑ / did not ☐ take an oath.

SWORN TO AND SUBSCRIBED BEFORE ME this 25 day of MAY 2021.

| HARVEY RUVIN<br>CLERK OF COURTS | | NOTARY PUBLIC,<br>State of Florida, Sharon D Ann<br>My Commission Expires: March 31 2023 |
|---|---|---|
| | Deputy Clerk | |

SHARON EDWARDS
Notary Public-State of Florida
Commission # GG 318033
My Commission Expires
March 31, 2023

**IMPORTANT: SEE REVERSE**

CLK/CT. 533 Rev. 12/19                Clerk's web address: www.miami-dadeclerk.com

**MIAMI-DADE COUNTY CLERK OF THE COURTS**
**HARVEY RUVIN**

Contact Us    My Account     

# CIVIL, FAMILY AND PROBATE COURTS ONLINE SYSTEM

**◀◀ BACK TO SEARCH**

**MARK A TURNER VS. QUICKEN LOANS**

| | | | |
|---|---|---|---|
| **Local Case Number:** | 2021-017377-SP-26 | **Filing Date:** | 06/02/2021 |
| **State Case Number:** | 132021SC017377000026 | **Judicial Section:** | SD05 |
| **Consolidated Case No.:** | N/A | **Case Type:** | Small Claims (Up to $5000) |
| **Case Status:** | OPEN | | |

## 👥 Parties

Total Of Parties: 2  **—**

**➔ EXPORT TO CSV**

| Party Description | Party Name | Attorney Information | Other Attorney(S) |
|---|---|---|---|
| Plaintiff | Turner, Mark A | | |
| Defendant | Quicken Loans | | |

## 🔨 Hearing Details

Total Of Hearings: 1  **+**

## 🔊 Dockets

Total Of Dockets: 5  **—**

**➔ EXPORT TO CSV**

| | Number | Date | Book/Page | Docket Entry | Event Type | Comments |
|---|---|---|---|---|---|---|
| | | 08/10/2021 | | Small Claims Pre-Trial Conference | Hearing | |
| | | 06/02/2021 | | SP Pre Trial Summons Issued | Service | |
| ○ | 3 | 06/02/2021 | | Pre Trial Summons | Event | Parties: Quicken Loans |
| ○ | 2 | 06/02/2021 | | Statement of Claim | Event | |
| | 1 | 06/02/2021 | | Filed at South Dade | Event | |

**◀◀ BACK TO SEARCH**

**Please be advised:**

The Clerk's Office makes every effort to ensure the accuracy of the following information; however it makes no warranties or representations whatsoever regarding the completeness, accuracy, or timeliness of such information and data. Information on this website has been posted with the intent that it be readily available for personal and public non-commercial (educational) use and to provide the public with direct online access to information in the Miami-Dade Clerk's Office information systems. Other than making limited copies of this website's content, you may not reproduce, retransmit, redistribute, upload or post any part of this website, including the contents thereof, in any form or by any means, or store it in any information storage and retrieval system, without prior written permission from the Miami-Dade Clerk's Office.

If you are interested in obtaining permission to reproduce, retransmit or store any part of this website beyond that which you may use for personal use, as defined above, visit our Web API Services. You can review the complete Miami-Dade County Disclaimer

**General**

Online Case Home    Civil / Family Courts Information    Login

**Help and Support**

Clerk's Home    Privacy Statement    ADA Notice    Disclaimer    Contact Us    About Us



**HARVEY RUVIN**
Miami-Dade County
Clerk of the Courts

73 W. Flagler Street
Miami, Florida 33130

305-275-1155

©2021 Clerk of the Courts. All rights reserved. 

**Return Of Service**                           In the County Court

                                    In and for Miami Dade County, Florida


*Mark  A. Turner*                      *Case* Number:  2021 17377 SP26

Plaintiff

              VS                        Attorney:

Quicken Loans

Defendants:                             Documents to be Served :Summons : et al


I, Virgil Ulman received this process on 6/16/2021 at 9:15 A.M. and I served this process on 6/17/2021  at 2: 30 P.M. on Quickens c/o CT Corporation System at 1200 S Pine Island Road, Plantat7on, Florida 33322. Person Served: Donna Moch

_____**Individual Service**- Fla. Stat. 48.031(1) (a)- By delivering to the person named above a true copy of the process, with the date and hour of service endorsed by me, along with a copy of the complaint, petition, or other initial court documents.

_____**Substitute Service**- By leaving a true copy of this process, with the date and hour endorsed by me, along w/ a copy of the complaint, petition, or other initial pleading or court document, to the person as the:

_____Co-Resident at the usual place of abode who is fifteen years of age or older- Fla Stat 48.031 (2) (a)

_____Person in charge--- Fla Stat. 48.031 (2) (b) Clerk (Court Liaison) per AO 2.70(2)

_____Person of a partnership- Fla Stat. 48.061 (1)

_____Private Mailbox- Fla. Stat. 48.031 (6)

\_\_\_\_/\_\_\_**Corporate Service** – By leaving a true copy of this process, with the date and hour of service endorsed by me, with a true copy of the complaint, petition, or other initial pleading or court document to the person named above as:

_____Highest ranking Officer- Fla Stat. 48.081(5)

\_\_\_\_/\_\_\_Registered Agent of the within named corporation- Fla Stat. 48.081 (3)(a) & 48.091

_____Employee of the within named corporation at said corporation's place of business because service could not be made on the registered agent for failure to comply with F.S.48.091 Staff list position per AO 2.70(2)

_____**Posted Service:** BY attaching a true copy of this process with the date and hour of service endorsed thereon by me, together with a copy of the complaint of petition, to a conspicuous place on the property described within after making two (2) attempts not less than six(6) hours apart in that the tenant could not **be** found and there was no person residing therein, fifteen years of age or older upon whom service could not be made

First Attempt_____         Second Attempt_____

Military Status:_____         Marital Status:_____

Comments:

I am appointed in a good standing in the Judicial Circuit wherein this process was served and have no interest in the above action. Under penalty of perjury I declare that I have read the foregoing Verified Return of Service and that the facts stated in it are true. Notary nor required pursuant to F.S. 92525 (2))

Special Process Server #1124

**AUTHORIZED PROCESS SERVERS LLC**

**1830 N UNIVERSITY DRIVE STE 155**

**PLANTATION, FLORIDA 33322**

**954 851-5555**

DOCUMENT IMAGE

Report Image problem

IN THE COUNTY COURT IN AND FOR MIAMI-DADE COUNTY, FLORIDA.

| DIVISION | SUMMONS/NOTICE TO APPEAR FOR PRETRIAL CONFERENCE DISTRICT COURT (File in Quadruplicate) | CASE NUMBER |
|---|---|---|
| ☐ DISTRICT COURTS<br>☐ OTHER | | 2021-17377-SP26 (5) |

| PLAINTIFF(S) | VS. DEFENDANT(S) | CLOCK IN |
|---|---|---|
| MARK A TURNER<br>1411 SE 26th AVE<br>HOMESTEAD FL<br>33035 | QUICKEN LOANS<br>1050 WOODWARD AVE<br>DETROIT MICHIGAN<br>48226 | V.U. #1124<br>6/17/21<br>2:30 |

DEFENDANT(S) TO BE SERVED AT:

QUICKEN LOANS
1050 WOODWARD AVE
DETROIT MICHIGAN 48226

Authorized Process Servers.Com
954.861.6565

Authorized Process Servers.Com
954.861.6565

STATE OF FLORIDA
NOTICE TO PLAINTIFF(S) AND DEFENDANT(S)
YOU ARE HEREBY NOTIFIED to appear in person or by attorney at the location indicated below:

"For those unable to pay for an attorney, information on how to seek free legal assistance can be found at www.dadecountyprobono.org."

☐ HIALEAH DISTRICT COURT          ☐ NORTH DADE JUSTICE CENTER          ☐ CORAL GABLES DISTRICT COURT

Filing # 130150868 E-Filed 07/07/2021 09:32:54 AM

**IN THE COUNTY COURT OF THE ELEVENTH JUDICIAL COURT**
**IN AND FOR MIAMI-DADE COUNTY, FLORIDA**
**SMALL CLAIMS DIVISION**

MARK A. TURNER,

      Plaintiff,

v.                          CASE NO.:  2021 17377 SP26

QUICKEN LOANS MORTGAGE CORPORATION,

      Defendant,

_____/

**NOTICE OF APPEARANCE AS COUNSEL**
**AND DESIGNATION OF E-MAIL ADDRESSES**

      Drew P. O'Malley, Esq. of the law firm of Spencer Fane LLP, gives notice of his appearance as counsel for Defendant, Quicken Loans, LLC[1] ("**Defendant**"), in this action. Pursuant to Rule 2.516 of the Florida Rules of Judicial Administration, Drew P. O'Malley, Esq. gives notice of the e-mail addresses to which service must be made upon in this action:

      **Drew P. O'Malley**

      1. domalley@spencerfane.com
      2. ecoutu@spencerfane.com

Dated:  July 7, 2021.

                            Respectfully submitted,

                            /s/  *Drew P. O'Malley*
                            Drew P. O'Malley
                            Florida Bar No. 106551
                            Spencer Fane LLP
                            201 North Franklin Street, Suite 2150
                            Tampa, Florida 33602
                            Phone:  813-424-3500
                            Facsimile:  813-405-8904
                            domalley@spencerfane.com
                            ecoutu@spencerfane.com
                            *Attorneys for Defendant, Quicken Loans, LLC*

---

[1] Plaintiff, acting *pro se*, errantly named the defendant as Quicken Loans Mortgage Corporation, but that entity does not exist.  Quicken Loans, LLC is the proper party in interest.

**<u>CERTIFICATE OF SERVICE</u>**

I HEREBY CERTIFY that, on this 7th day of July, 2021, a true copy of the foregoing has

been electronically filed with the Clerk of Court through the Florida Courts E-Filing Portal and

served on all counsel of record via transmission of Notices of Electronic Filing generated by the

E-Filing Portal, including Pro Se Plaintiff, Mark A. Turner, as follows:

Mark A. Turner, Pro Se
1411 SE 26th Avenue
Homestead, FL 33035
Markanthony37@sbcglobal.net

/s/ *Drew P. O'Malley*                    
*Attorney for Defendant*

2

**IN THE COUNTY COURT OF THE ELEVENTH JUDICIAL COURT**
**IN AND FOR MIAMI-DADE COUNTY, FLORIDA**
**SMALL CLAIMS DIVISION**

MARK A. TURNER,

     Plaintiff,

v.                                 CASE NO.:  2021 17377 SP26

QUICKEN LOANS MORTGAGE CORPORATION,

     Defendant,

_____/

**DEFENDANT QUICKEN LOANS, LLC'S MOTION FOR**
**EXTENSION OF TIME TO RESPOND TO PLAINTIFF'S COMPLAINT**

     Defendant, Quicken Loans, LLC[1], moves for a 10-day extension of time to respond to Plaintiff's Complaint (the "**Complaint**"), and states as follows:

**MEMORANDUM OF LAW**

     1.     Plaintiff filed the Complaint on June 2, 2021.  Defendant was served with the complaint on June 17, 2021.

     2.     Defendant's response to the Complaint is due on July 7, 2021.

     3.     Defendant's counsel was recently retained and requires additional time to investigate and accurately address the claims in the Complaint.

     4.     Defendant respectfully requests an additional fourteen (14) days to respond to the Complaint, up to and including, July 21, 2021.

     5.     This motion is made in good faith and not for purposes of delay.

---

[1] Plaintiff, acting *pro se*, errantly named the defendant as Quicken Loans Mortgage Corporation, but that entity does not exist.  Quicken Loans, LLC is the proper party in interest.

6.     This Court should exercise its broad authority to grant this timely request for a brief extension.  *See*, *e.g.*, *Kilnapp v. Kilnapp*, 140 So. 3d 1051, 1054 (Fla. 4th DCA 2014) (noting "courts have authority to control their own dockets").

WHEREFORE, Defendant respectfully requests entry of an Order granting Defendant, a fourteen (14) day extension of time to file a response to Plaintiff's Complaint through and including July 21, 2021, and for all further appropriate relief.

Dated: July 7, 2021.

Respectfully submitted,

/s/  Drew P. O'Malley
Drew P. O'Malley
Florida Bar No. 106551
Spencer Fane LLP
201 North Franklin Street, Suite 2150
Tampa, Florida 33602
Phone:  813-424-3500
Facsimile:  813-405-8904
domalley@spencerfane.com
ecoutu@spencerfane.com
*Attorneys for Defendant, Quicken Loans, LLC*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, on this 7th day of July, 2021, a true copy of the foregoing has been electronically filed with the Clerk of Court through the Florida Courts E-Filing Portal and served on all counsel of record via transmission of Notices of Electronic Filing generated by the E-Filing Portal, including Pro Se Plaintiff, Mark A. Turner, as follows:

Mark A. Turner, Pro Se
1411 SE 26th Avenue
Homestead, FL 33035
Markanthony37@sbcglobal.net

/s/ Drew P. O'Malley
*Attorney for Defendant*

## IN THE COUNTY COURT IN AND FOR MIAMI-DADE COUNTY, FLORIDA
## CIVIL DIVISION

**PLAINTIFF**                                    **Case No; 2021-017377-SP-26**
MARK A TURNER
1411 Se 26Th Ave.
Homestead Florida 33035

**VS.**

**DEFENDANTS**
QUICKEN LOANS MORTGAGE CORPORATION
1050 Woodward Avenue
Detroit Michigan 48226

**CIVIL CAUSE OF ACTION FRAUD AND BREACH OF FIDUCIARY, BREACH OF
CONTRACT MONEY DAMAGES, FRAUDULENT CREDIT REPORTING AND
TELEPHONE HARASSMENT AND CHAPTER 825 ABUSE, NEGLECT, AND
EXPLOITATION OF ELDERLY PERSONS
( 1st AMENDED COMPLAINT )**

PLAINTIFF
MARK A TURNER
1411 Se 26Th Ave.
Homestead Florida 33035
Ph. 330-501-0352
Email markanthony37@sbcglobal.net

7

**COMPLAINT; BREACH OF FIDUCIARY BREACH OF CONTRACT FRAUDULENT CREDIT REPORTING, TELEPHONE HARASSMENT AND EXPLOITATION OF ELDERLY**

### FACTS COMMON TO ALL

**QUICKEN LOANS ACTED FRAUDULENTLY AND BREACHED ITS CONTRACTUAL RE-AMORTIZATION OBLIGATION**

The Plaintiff Mark A Turner 1411 Se 26Th Ave Homestead Florida 33035 MORTGAGE LOAN NUMBER- 3465809661, the Quicken Loans mortgage company and customer service, subjected the plaintiff to an egregious and negative customer experience

in March 4, 2021, the plaintiff signed a modification of a mortgage payment, or re-cast with Quicken Loans an AGREEMENT FOR MODIFICATION, RE-AMORTIZATION, OF MORTGAGE. In February 2021 the plaintiff sent a lump sum payment to Quicken Loans in the of $26,750 to lower his mortgage payment of $724.71 to an adjusted $231.45 per month.

**THE NEW RE-AMORTIZATION CONTRACTUAL LANGUAGE IS SPECIFIC AND NOT VAGUE OR AMBIGUOUS**

On March 4, 2021, the plaintiff signed, executed and uploaded to the Quicken Loans website the mutually agreed re-amortization binding contractual legal agreement defining the terms and conditions of the payment modifications, diverse from the original "payment amount" and scheduled "due date" agreement, the specific modifications to the contract was processed and executed on March 4, 2021, The new contractual language stipulated that the plaintiffs new payment agreement was lowered to $231.45. diverse from the original $724.71 stipulated in the initial agreement, likewise the new contractual agreement stipulated that these scheduled payments were to begin on a due date of May 1st, 2021.

On or about April 29, 2021 to the plaintiffs surprise the Quicken loans stated that the plaintiff was delinquent and obligated to pay for April 2021 payment under the old contractual language, however this specific language was not stipulated in the re-amortization contractual language, this was fraudulent, by legal terms and definition the old contractual language is not legally binding or enforceable, the plaintiff agreed to the new re-payment amount and new scheduled due date contractual agreement and the old contractual re-payment amount and

1

due date became in effective and voided, the Quicken Loans Agent threatened to damage my credit history with a derogatory report, the plaintiff retorted that he was referring this matter to his GM Law lawyers, Quicken loans is culpable for this irresponsible and unprofessional debacle, it is egregious to offensive to a preferred customer, this was the plaintiffs second mortgage with Quicken Loans the first was paid off in 2018 for the amount of $40,000, the plaintiff has never been late with a single payment on either loan.

## THE MARCH 4TH DATE THE RE-AMORTIZATION WAS PROCESSED AND AGREED UPON IS A CRITICAL POINT OF EMPHASIS

A critical point of emphasis was the date the customer Mark A Turner entered into a new contractual agreement with Quicken loans as of March 4, 2021 approximately 30 days (before and not after) and prior to Quicken loans allegation that the subsequent April 1st payment became past due, and because the modified contractual obligation and Instrument and Re-amortization was processed on March the 4th 2021, (before and not after) the customer Mark A Turner had every legitimate reason to believe that he was to forego and not obligated to submit the April payment in lieu of and predicated on the specific contractual language that stipulated that he his first and next payment was scheduled and due on May 1st 2021 and not April 1st 2021 as the Quicken loan customer service alleges.

Therefore the old or previous contractual re-payment was null and void in lieu of the fact that the plaintiff submitted a $26.750 lump some payment and the new and mutually agreed contract consequentially supersede, voided the previous repayment and scheduled repayment plan created in December of 2020, therefore old contractual language is not enforceable because the new contract was executed on March, 4, 2021 prior to the April 2021, the Quicken Loans alleges the plaintiff is obligated to submit payment See Exhibits attached (A) RE-AMORTIZATION, (B) LATE BILLING Also Mr. Turner has resumed his regularly scheduled monthly installments of $231.71 as of May 1st, 2021

## TERMS AND CONDITIONS FOR THE SCHEDULED RE-PAYMENT AMOUNT AND DATE WERE LEGALLY DEFINED AND CONCISE

The contractual instrument for re-amortization was drafted by Quicken loans and the legal terms and conditions of the Re-amortization payment and scheduled due date were construed by Quicken loans, for a due date of May 1st 2021, the language was transparent, concise with no ambiguity or defect, if Quicken loans had the legitimate right to obligate the customer Mark a Turner to also pay the April 1st payment, it is imperative that this specific language be written and inclusive in the revised re-payment and schedule due date" Re-amortization contractual instrument, Quicken loans failed to include this specific clause or legal language in the re-amortization agreement. therefore Mr. Turner was not liable to make a subsequent payment of  $724.71 as the Quicken loans customer service falsely allege

### COUNT I
### BREACH OF FIDUCIARY

(1) Breach of Fiduciary, the claimants funds were misappropriated, the loan mishandled and received undue negative remarks on credit history, Quicken Loans did not act professionally and exhibit a standard of care in good faith, reasonable, prudently or efficiently

### COUNT II
### BREACH OF CONTRACT

(2) Breach of Contract, a **breach of contract** occurs when one party in a written binding agreement fails to deliver according to the terms of the agreement. Quicken Loans is in violation of he Fair Debt Collection Practices Act (FDCPA)

### COUNT III
### ILLEGAL AND FRAUDULENT CREDIT REPORTING

(3) False Credit Reporting, Quicken Loans imputed in-accurate and false derogatory and credit information on my credit report and history causing irreparable damage and financial losses, Quicken Loans is in violation of he Fair Debt Collection Practices Act (FDCPA)

3

## COUNT IV
## TELEPHONE HARASSMENT

(4) Telephone Harassment, Quicken Loans account resolution telephoned contacted Mr. Turner twice daily for approximately two weeks.

The Fair Debt Collection Practices Act (FDCPA) states that Debt Collectors can't harass, oppress, or abuse you or anyone else they contact. The Consumer Federal Protection Bureau (CFPB) (855-411-2372).

The State Attorney General, (TCCPA ) Telephone Consumer Protection Act is a Federal Offense punishable by imprisonment, The (FTC) or Federal Trade Commission , In the State of Florida (FCCPA) Federal Consumer Collection Practice Act )

## COUNT V
## CHAPTER 825 ABUSE, NEGLECT, AND EXPLOITATION OF ELDERLY PERSONS AND DISABLED ADULTS

The Plaintiff is a 63 year old senior citizen on a fixed income, of Social Security

825.103   Exploitation of an elderly person or disabled adult; penalties. —

(1)   "Exploitation of an elderly person or disabled adult" means:

(a)   Knowingly obtaining or using, or endeavoring to obtain or use, an elderly person's or disabled adult's funds, assets, or property with the intent to temporarily or permanently deprive the elderly person or disabled adult of the use, benefit, or possession of the funds, assets, or property, or to benefit someone other than the elderly person or disabled adult, by a person who:

1.   Stands in a position of trust and confidence with the elderly person or disabled adult;

2.   Has a business relationship with the elderly person or disabled adult;

(b)   Obtaining or using, endeavoring to obtain or use, or conspiring with another to obtain or use an elderly person's or disabled adult's funds, assets, or property with the intent to temporarily or permanently deprive the elderly person or disabled adult of the use, benefit, or possession of the funds, assets, or property, or to benefit someone other than the elderly

4

person or disabled adult, by a person who knows or reasonably should know that the elderly person or disabled adult lacks the capacity to consent;

(c)  **Breach of a fiduciary duty** to an elderly person or disabled adult by the person's guardian, trustee who is an individual, or agent under a power of attorney which results in an unauthorized appropriation, sale, or transfer of property. An unauthorized appropriation under this paragraph occurs when the elderly person or disabled adult does not receive the reasonably equivalent financial value in goods or services, or when the fiduciary violates any of these duties:

1.  For agents appointed under chapter 709:

a.  Committing fraud in obtaining their appointments;

b.  Abusing their powers;

c.  Wasting, embezzling, or intentionally mismanaging the assets of the principal or beneficiary; or

d.  Acting contrary to the principal's sole benefit or best interest; or

2.  For guardians and trustees who are individuals and who are appointed under chapter 736 or chapter 744:

a.  Committing fraud in obtaining their appointments;

b.  Abusing their powers; or

c.  Wasting, embezzling, or intentionally mismanaging the assets of the ward or beneficiary of the trust;

(d)  **Misappropriating, misusing, or transferring without authorization money belonging to an elderly person** or disabled adult from an account in which the elderly person or disabled adult placed the funds, owned the funds, and was the sole contributor or payee of the funds before the misappropriation, misuse, or unauthorized transfer. This paragraph only applies to the following types of accounts:

## CONCLUSION

The Plaintiff Mark A Turner DEMANDS QUICKEN LOANS to CEASE AND DESIST and reimburse Mr. Turner any and all lost monies and repair and adjust his credit report and delinquent mortgage account, delete all negative and derogatory credit reports,

The Plaintiff mutually agreed and signed a re-amortization mortgage loan re-payment obligation, the new payment amount was $231.45 the new payment date was established and for continuation on May 1st, 2021, the complainant has already submitted the May 1st payment in-compliance with the modified contractual agreement.

Quicken loans coerced the mortgagee Mark Anthony Turner to pay a monthly installment for the month of April in the amount of $724 in accordance with the previous and obsolete contractual agreement that is null, void and not applicable to the re-amortization agreement, further the obligation for the mortgagee to pay the subsequent April 1st payment was not drafted, construed or included in the contractual language or context of the re-amortization mutually agreed upon by both parties

Quicken Loans Mortgage company is culpable of subjecting the plaintiff Mark A Turner to financial damages and damages predicated on fraudulent credit reporting regarding mortgage loan number 346580966, for Breach of a written contract, Breach of Fiduciary, and financial losses from derogatory and inaccurate credit reporting that were imputed on the claimants credit report and egregious and illicit "telephone creditor harassment"

The Plaintiff is a 63 year old senior citizen on a fixed income, Quicken Loans is culpable of the federal **Elder** Justice Act, enacted in 2010, **defines** financial **exploitation of the elderly** as, "the fraudulent or otherwise illegal, unauthorized, or improper act... that uses the resources of an **elder** for monetary or personal benefit, profit, or gain, or that results in depriving an **elder** the rightful access to, or use of, benefits, resources, belongings, or assets

THEREFORE; The claimant hereby submits a financial demand of $8,000 in compensatory, punitive damages and treble damages, attorneys fees, court cost and another relief the court deems necessary

6

## CERTIFICATE OF SERVICE

The Plaintiff Mark a Turner certifies that a true and accurate copy of this civil demand

for monetary damages, was served upon the defendant company

QUICKEN LOANS MORTGAGE CORPORATION , to Registered Agent at addresses;

CT CORPORATION SYSTEM1200 SOUTH PINE ISLAND ROAD
PLANTATION, FL 33324.

And

1050 Woodward Avenue Detroit Michigan 48226

on July 11, 2021

PLAINTIFF
MARK A TURNER
1411 Se 26Th Ave.
Homestead Florida 33035
Ph. 330-501-0352
Email markanthony37@sbcglobal.net